Lay v. Sessions

BIA
Balasquide, IJ
A205 221 932

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

DICKY ALEXANDER LAY,
> *Petitioner,*

> v.                                              16-50
>                                                 NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Armin A. Skalmowski, Alhambra, CA. |
| **FOR RESPONDENT:** | Benjamin Mizer, Principal Deputy Assistant Attorney General; Douglas Ginsburg, Assistant Director; Timothy Bo Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dicky Alexander Lay, a native and citizen of Indonesia, seeks review of a December 9, 2015, decision of the BIA, affirming a May 21, 2014, decision of an Immigration Judge ("IJ") denying Lay's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dicky Alexander Lay,* No. A205 221 932 (B.I.A. Dec. 9, 2015), *aff'g* No. A205 221 932 (Immig. Ct. N.Y. City May 21, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the BIA and the IJ "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Past Persecution**

We find no error in the agency's conclusion that Lay's past harm did not rise to the level of persecution. Persecution can be harm other than threats to life or freedom, including

2

non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). In evaluating a claim of persecution, the agency is required to consider the "cumulative significance" of the alleged incidents as opposed to the severity of each incident in isolation. *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

The agency reasonably concluded that Lay's past experiences in Indonesia did not amount to persecution. *Id.* Lay identified five incidents of past harm spanning a ten-year period and ranging from a bloody nose from elementary school classmates and being spat on, to an attack on his temple and a physical assault. Although these are clearly regrettable incidents, we agree with the agency's conclusion that, even cumulatively, the incidents lacked the severity to amount to persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citations omitted)); *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in BIA's conclusion that

applicant who was beaten prior to a two-day detention did not establish persecution because the injuries "required no formal medical attention and had no lasting physical effect").

**II.  Well-Founded Fear of Future Persecution**

Nor do we find any error in the agency's conclusion that Lay failed to demonstrate a well-founded fear of persecution. To do so, an applicant must show "that he subjectively fears persecution" and that "his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

Lay argues that there is a pattern or practice of persecution of ethnic Chinese Buddhists in Indonesia.  The agency reasonably concluded that Lay failed to meet his burden of establishing a pattern or practice.  He presented no evidence that ethnic Chinese Indonesians who practice Buddhism

4

face systemic persecution in Indonesia. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining pattern or practice as the "systemic or pervasive" persecution of a group); *see also Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007) (accepting BIA's standard as reasonable, while noting that "[w]ithout further elaboration [the standard does not make clear] how systemic, pervasive, or organized persecution must be before the Board would recognize it as a pattern or practice"). Contrary to Lay's representation that the record "overwhelmingly shows that the Muslims target religious and ethnic minorities in Indonesia," the record contains one article from 2010 that discusses discrimination against Chinese-Indonesians, and two articles that report on the European Parliament's condemnation of violence in Indonesia against religious minorities. Otherwise, the evidence does not identify incidents of persecution (let alone a pattern of practice of persecution) against ethnic Chinese or practicing Buddhists. Rather, some articles describe a rise of "Anti-Christian extremism in Indonesia" and attacks on churches by radical Islamist groups. Other articles describe clashes between Muslims and Christians regarding the construction of a church in the Java province and instances of

Muslim-against-Muslim violence. Accordingly, the agency did not err in determining that Lay failed to demonstrate a pattern and practice of persecution of Chinese Buddhists in Indonesia. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim regarding ethnic Chinese in Indonesia).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk